UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

CARI L LAMPSHIRE,

        Plaintiff,

   v.

BANK OF AMERICA, NA,
RECONTRUST COMPANY, NA,
FEDERAL NATIONAL MORTGAGE
ASSOCIATION aka FANNIE MAE,
and MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC. aka
MERS,

        Defendants.

Civ. No. 6:12-cv-1574-AA

OPINION AND ORDER

AIKEN, Chief Judge:

    Plaintiff, appearing pro se, filed suit alleging wrongful foreclosure and violations of the Oregon Trust Deed Act (OTDA), unfair debt collection and trade practices, and common law claims of fraud and breach of fiduciary duty. Defendants now move to dismiss plaintiff's claims. The motion is granted.

1   - ORDER

BACKGROUND

On or about March 21, 2007, plaintiff obtained a $232,950 mortgage loan (the Loan) from Mortgageit, Inc. to finance the purchase of real property located at 2457 Park View Drive, Eugene, Oregon 97408. Compl. ¶¶ 10-11; Tranetzki Decl. Ex. 1. The Deed of Trust securing the Loan identifies plaintiff as the borrower, Mortgageit, Inc. as the lender, Cascade Title Co. as the trustee, and Mortgage Electronic Registration Systems, Inc. (MERS) as the beneficiary "solely as a nominee for Lender and Lender's successors and assigns." Id. Ex. 1. At some point, the servicing of plaintiff's Loan was transferred to BAC Home Loans Servicing, LP.

Plaintiff has been in serious default on the Loan since 2008, and she sought to modify her loan agreement and filed for bankruptcy. In May 2010, after discharge of her bankruptcy, BAC Home Loans Servicing sent plaintiff a "Notice of Intent to Accelerate" and informed plaintiff of the amount of her alleged default, $29,262.64. The Notice stated that if the default was not cured on or before June 2, 2010, "the mortgage payments **will be accelerated** with the full amount remaining accelerated and becoming due and payable in full, and foreclosure proceedings will be initiated at that time." Compl. Ex. 7.

On August 13, 2010, MERS purportedly assigned the Deed of Trust securing plaintiff's Loan to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing LP, through an Assignment of Deed

2    - ORDER

of Trust recorded in Lane County. Id. Ex. 8. On the same date, BAC Home Loans Servicing appointed ReconTrust Company NA (ReconTrust) as successor trustee under the Deed of Trust, through an Assignment of Successor Trustee recorded on the same date. Id. Ex. 8a. Defendants maintain that BAC Home Loans Servicing became defendant Bank of America, NA (BANA) through merger. Effective July 1, 2011, BANA began servicing plaintiff's Loan. Id. Ex. 2b.

Plaintiff alleges that non-judicial foreclosure proceedings were initiated and rescinded on more than one occasion. Most recently, on February 28, 2012, ReconTrust recorded a Notice of Default and Election to Sell, noting a trustee's sale for July 5, 2012. The sale was postponed or continued to September 6, 2012.

On August 31, 2012, plaintiff filed suit and sought injunctive relief to enjoin the sale.

On September 4, 2012, the court issued a temporary restraining order and enjoined the non-judicial foreclosure of plaintiff's property.

On September 18, 2012, I heard argument from the parties and granted preliminary injunctive relief enjoining defendants from pursuing non-judicial foreclosure during the pendency of this proceeding. Defendants indicated that they intended to rescind the notice of default and election to sell and suggested they would pursue judicial foreclosure in the state courts. On September 24, 2012, ReconTrust recorded the rescission.

3   - ORDER

DISCUSSION

Defendants move to dismiss plaintiff's claims on grounds that they are now moot and otherwise fail to state a claim for which relief may be granted. Fed. R. Civ. P. 12(b)(6).

In her First and Second Claims for relief, plaintiff alleges wrongful foreclosure and OTDA violations stemming from defendants' attempt to pursue non-judicial foreclosure of her property. Compl. at 29-35. However, defendants have rescinded their efforts to seek non-judicial foreclosure under Or. Rev. Stat. § 86.735, and plaintiff presents no evidence that they have revived such efforts. To the contrary, defendants have indicated they would pursue judicial foreclosure of plaintiff's property, an action that is not enjoined by the injunction. Although the "standard for determining whether a defendant's voluntary conduct moots a case is 'stringent,'" I find that non-judicial foreclosure is highly unlikely to occur given the rescission of the non-judicial foreclosure proceedings and defendants' representations. Bell v. City of Boise, 709 F.3d 890, 898 (9th Cir. 2013).

Therefore, given that defendants are not seeking non-judicial foreclosure and no such proceedings appear imminent, plaintiff's claims asserting or based on wrongful non-judicial foreclosure are moot and dismissed without prejudice. In addition to plaintiff's First and Second Claims, this includes her Sixth and Seventh Claims, as such claims are premised on her allegations of wrongful

4    - ORDER

foreclosure and defendants' actions in seeking non-judicial foreclosure. See Comp. at 41-44. Should defendants renew their efforts to pursue non-judicial foreclosure, plaintiff may renew an action and these claims against them.

In her Third Claim, plaintiff asserts a fraud claim against defendants. Specifically, she alleges that person(s) other than the stated signatory falsely or fraudulently signed the notarized and recorded Assignment of Deed of Trust and Assignment of Successor Trustee. Id. at 36-38 & Exs. 8, 8a, 12. I agree that signatures on the recorded assignments in this case are different and distinct from signatures of the same person identified on recorded assignments for other properties; however, plaintiff does not allege that she relied on the allegedly false or fraudulent signatures to her detriment. Horton v. Nelson, 252 Or. App. 611, 616, 288 P.2d 967 (2012) (fraud requires (1) a material, false representation; (2) the defendant's knowledge of its falsity; (3) the defendant's intent that the plaintiff rely on the misrepresentation; (4) the plaintiff's justifiable reliance on the misrepresentation; and (5) damages as a result of such reliance). In fact, plaintiff now contests the validity of the signatures and successfully enjoined the non-judicial foreclosure of her property based on her claims that the assignments failed to comply with the OTDA. Rather than supporting a fraud claim, plaintiff's allegations are therefore relevant to her wrongful foreclosure claims.

5    - ORDER

Plaintiff also alleges that, because the signatures on the assignments were fraudulent, defendants fraudulently represented that they had security interests in her property during plaintiff's bankruptcy proceeding. However, plaintiff does not allege how she relied on defendants' allegedly fraudulent statements to her detriment, or how such statements caused her harm with respect to the bankruptcy proceeding. Defendants allegedly asserted their security interests to obtain relief from the automatic bankruptcy stay to pursue non-judicial foreclosure, and defendants have abandoned those proceedings.

Plaintiff also alleges violations of the Fair Debt Collection Practices Act (FDCPA) (Fourth Claim), the Oregon Unlawful Debt Collection Practices Act (UDCPA) (Fifth Claim), the Truth in Lending Act (TILA) (Eight Claim), and the Financial Institutions Reform, Recovery and Enforcement Act (FIRREA) (Ninth Claim). In response to defendants' motion, plaintiff concedes that she cannot pursue claims under the TILA and FIRREA and withdraws those claims. Remaining are her claims for unfair debt collection practices.

To state a claim under the FDCPA, a plaintiff must allege that: 1) she has "been the object of collection activity arising from a consumer debt"; 2) the defendant is a "debt collector"; 3) and the defendant's conduct is prohibited by the FDCPA. 15 U.S.C. §§ 1692a, 1692e; Trinh v. Citibank, NA, 2012 WL 6574860, at *6 (N.D. Cal. Dec. 17, 2012). Defendants are correct that actions

6   - ORDER

taken to foreclose on a deed of trust do not fall under the rubric of the FDCPA. See Hulse v. Ocwen Fed. Bank, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002); Ramos v. Wells Fargo Bank N.A., 2012 WL 4863708, at *5 (D. Or. Oct. 5, 2012). Here, plaintiff generally alleges that ReconTrust and BANA misstated the amount of the default on its Notices of Default and Elections to Sell. Compl. at 39-41. Plaintiff's allegations invoke defendants' attempted non-judicial foreclosure and cannot sustain a claim under the FDCPA.

Plaintiff nonetheless argues that defendants' actions fall under § 1692f(6), which renders it unfair to "threaten[] to take any nonjudicial action to effect dispossession or disablement of property if . . . there is no present right to possession of the property claimed as collateral through an enforceable security interest." Plaintiff maintains that BANA and ReconTrust had no "present right to possess" her property, because no valid assignment of the Deed of Trust or of Successor Trustee had occurred when they sought to foreclose. However, even if § 1692f(6) applied, plaintiff's argument is premised on legal arguments and rulings that were unsettled and decided differently by several judges when defendants initially pursued non-judicial foreclosure. See e.g., James v. Recontrust Co., 2012 WL 653871 (D. Or. Feb. 29, 2012); Reeves v. ReconTrust Co., 2012 WL 652681 (D. Or. Feb. 28, 2012); Beyer v. Bank of Am., 800 F. Supp. 2d 1157 (D. Or. 2011); Hooker v. Nw. Tr. Servs., Inc., 2011 WL 2119103 (D. Or. May 25,

7    - ORDER

2011); Burgett v. Mortg. Elec. Registraton Sys., Inc., 2010 WL 4282105 (D. Or. Oct. 20, 2010). Given that the state of the law was unclear at the time defendants filed the most recent Notice of Default and Election to Sell, I do not find that plaintiff's argument can sustain a claim under the FDCPA.

Plaintiff also alleges that BANA and its predecessor misstated certain charges and fees allegedly owed under the Loan, misapplied payments she made, and attempted to collect unauthorized principal and/or interest through a proposed loan modification agreement that plaintiff ultimately rejected. However, the alleged actions taken by BANA are akin to debt servicing rather than debt collection on behalf of another, and BANA cannot be considered a "debt collector" based on such actions. See Schlegel v. Wells Fargo Bank, N.A., 799 F. Supp. 2d 1100, 1104-05 (N.D. Cal. 2011). Further, under the FDCPA, a document that does not demand payment but simply informs the borrower of the status of an account is not considered a communication "in connection with the collection of any debt." See Walcker v. SN Commercial, LLC, 286 Fed. Appx. 455, 457 (9th Cir. 2008). Finally, for all of these reasons, plaintiff also fails to state a claim under the UDCPA. See Or. Rev. Stat. § 646.639 (describing conduct that violates the Act).

Plaintiff seeks leave to amend her complaint and cure the defects noted above. However, for the reasons explained, I find amendment would be futile at this juncture.

8    - ORDER

CONCLUSION

For the reasons set forth above, defendants' Motion to Dismiss (doc. 23) and Request for Judicial Notice (doc. 25) are GRANTED, and plaintiff's Motion to Amend (doc. 31) is DENIED. Plaintiff's First, Second, Sixth, and Seventh Claims are DISMISSED without prejudice, and plaintiff's Third, Fourth, Fifth, Eighth, and Ninth Claims are DISMISSED.

IT IS SO ORDERED.

Dated this 20th day of April, 2013.

_____
Ann Aiken
United States District Judge